# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:06CV-666-M

**ELIZABETH C. ELLIOTT**                                                                 **PLAINTIFF**

**v.**

**KROGER COMPANY**                                                                      **DEFENDANT**

### MEMORANDUM OPINION

Plaintiff Elizabeth Elliott filed a *pro se* complaint against the Kroger Company. Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the instant action will be dismissed.

### I.

To initiate this action, Plaintiff filled out and filed a court-supplied complaint form and attached a separate typewritten complaint.

### A. *Court-supplied complaint form*

In the space provided on the form for stating the grounds for filing this action, Plaintiff writes, "Pharmacy took money kept medicine refuse to give me rest of insulin intentionally due, I went into hospital intensive care unit." In the statement-of-claim portion of the complaint form, she alleges:

> Pharmy took action by only giving me 15 day of insulin and refuse to give me the rest, made me pay twice, I am disable and I did not have any money. I had used it on my insulin and Pharmacy had the prescription and the last of my money. I went into intensive care I almost died. Now they are still doing it.

Plaintiff fails to specify the relief she seeks.

### B. *Typewritten complaint*

Plaintiff begins by asserting that "Kroger Pharmacy procedure and action [] mostly likely end in certain death and these actions are still in effect." She claims that the Court has jurisdiction "as this matter concern the fundamental violation federal Constitution right, most of all human rights ...Defendant have also violated other laws Plaintiff and Defendant are both domiciled in Jefferson County." She then lists seven charges.

**Charge 1.** "This ordeal started in the 11/12/05, there have been many. My insulin has been bad. Kroger took my prescription and my money and gave me only 15 days of insulin Insulin is very important. If a diabetic does not take her or his insulin they will die. not only did he refuse to give me all of my insulin the pharmacist raised his hand made it to form a gun pointed it at me like bang bang you are dead and he laugh at. me. He intentional kept my medicine from me.. I was never given the correct amount of insulin."

**Charge 2.** "Intent to do bodly harm or cause dead to occur."

**Charge 3.** "Human right violation., The extermination of person through Pharmacy, that is what I believe is happening to me. Under no circumstances are pharmacist allowed to abandon the principle of beneficence and nonmaleficence by jeopardizing the health and life of a person They must never harm the health or contribute to The death of a person. Their primary allegiance must always be to Health of the person, even if a third party had retained their services.         "

**Charge 4.** "Abusive, involuntary hospitalization., and euthanasia."

**Charge 5.** "Fraud - charging a price for medicine and keeping it, Refusing to give It to you, call in sercurity to cover up fraud. Threatening to call cop And put you out of the store and keeping your money –kept my perscription."

**Charge 6.** "There has been other form of abuse taking place, There has been other abuse, medicine that dehydrate you, when you inject you can not keep water in your system, and when You go to the hospital, They threaten you.. when I was in the hospital lady from Our lady of peace, came in my room and told me she could hold me for 72 hour, if I spoke on what I had said."

**Charge 7.** "Changing prescription of the doctor. The prescription, clearly states what I am to have If the medicine is clompy, it does not matter, my only chance is to take it to court., because they know that the only way is poison a little at a time and then say you died of natural causes., which is the way I am treated."

Plaintiff again fails to specify any relief and concludes the typewritten document by contending,

> [Pharmacy] made me pay for medicine twice.  They collected from my insurance and ELI LILY, THIS ERROR IS OK FOR I AM THE ONE THEY DID IT TO.  THE MEDICAL PROFESSION AND CORP KROGER SET ME UP FOR THE END.  AND THEY GOT PAID ALL KINDS A WAY.  I WAS ADMITTED TO FLAGET MEMORIAL HOSPITAL ON 11/28/2006 PLACED IN INTENSIVE CARE UNIT FIGHTING FOR MY LIFE.  AND A LITTLE INSULIN IS NOT ENOUGH, WHAT WERE THEY THINKING, HATE CRIME.  THERE IS NO OTHER WAY TO EXPLAIN IT.

**II.**

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action.  28 U.S.C. § 1915(e)(2); *McGore*, 114 F.3d at 604-05.  Upon review, this Court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989).  In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, -- U.S. -- , 127 S. Ct. 1955, 1965 (2007) (internal citations omitted); *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, -- F.3d -- , 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, -- U.S. -- , 127 S. Ct. at 1964-65 (citations omitted; alternation in *Twombly*); *Ass'n of Cleveland Fire Fighters*, 2007 WL

3

2768285, at *2. In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III.

*A. Lack of subject matter jurisdiction*

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution and in statutes enacted by Congress. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see generally*, 28 U.S.C. §§ 1330-1364. Therefore, "[t]he first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606-07 (6th Cir. 1998). Without jurisdiction, courts have no power to act. *Id.* at 606. The burden of establishing jurisdiction rests with the plaintiff. *Hedgepeth v. State of Tenn.*, 215 F.3d 608, 611 (6th Cir. 2000); *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d at 606. In the instant case, Plaintiff has failed to meet her burden.

Under the federal-question statute, codified at 28 U.S.C. § 1331, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." While Plaintiff broadly alleges the violation of federal constitutional rights and other laws, she wholly fails to identify any particular Article or Amendment to the U.S. Constitution or any other federal law which has been violated, and even under the most liberal of construction of the complaint, this Court can discern no federal cause of action under which the

4

plaintiff may invoke this Court's federal-question jurisdiction.[1] *See Twombly*, -- U.S. -- , 127 S. Ct. at 1964 ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (explaining that a complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory") (citations and internal quotation marks omitted)).  Additionally, to the extent Plaintiff is asserting some type of state-law fraud, negligence, or other claim, she has failed to allege the requisite amount in controversy necessary to invoke this Court's jurisdiction under 28 U.S.C. § 1332, the federal diversity-of-citizenship statute.

Since even a liberal reading of the complaint leads this Court to conclude that Plaintiff has failed to establish this Court's jurisdiction, the instant action must be dismissed.

## B. *Failure to request relief*

Alternatively, in both her form complaint and the attached typewritten complaint, Plaintiff gives no indication whatsoever of the amount or type of relief sought.  Federal Rule of Civil Procedure 8(a)(3) states, in pertinent part, that every pleading shall contain "a demand for judgment for the relief the pleader seeks."  Here, Plaintiff wholly fails to plead one of the essential elements of every case -- the relief sought, and this failure warrants dismissal of the complaint.  *West v. Reynolds*, No. 05-CV-198-KSF, 2005 WL 3149339, at *2 (E.D. Ky. Nov. 23,

---

[1] While 42 U.S.C. § 1983 authorizes a district court to redress violations of federal constitutional rights, that statute requires state action, an element clearly missing in Plaintiff's action against the Kroger Company.

2005) ("This Court finds the absence of any specific or particular relief in the plaintiff's complaint to be problematic, because the complaint fails, in any manner, to put the named defendants on notice of the claim or claims being asserted against them, which is a basic requirement of any civil suit, even one undertaken by a *pro se* litigant.").

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "'does not require a court to conjure allegations on a litigant's behalf,'" *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quoting *Erwin v. Edwards*, 22 Fed. Appx. 579, 580 (6th Cir. 2001)), and the Court is not required to create a claim for the *pro se* Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
4414.005